UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AVERY TYRONE GODBOLT,

    Plaintiff,

v.                                               Case No. 8:23-cv-1632-WFJ-JSS

TAMPA POLICE DEPARTMENT, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on *pro se* Plaintiff Avery Tyrone Godbolt's civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Godbolt has failed to state a viable § 1983 claim, he will be required to file an amended complaint if he wishes to proceed with this action.

Mr. Godbolt, a Florida prisoner, sues the Tampa Police Department and the Hillsborough County Sheriff's Office. (Doc. 1 at 2). He alleges that, at some point between April and July 2021, a woman named Cedria Jefferson accused him of "attack[ing] her and beat[ing] her up." (*Id.* at 5). In fact, Ms. Jefferson had allegedly stabbed Mr. Godbolt "thr[ough] the artery," which "almost killed" him. (*Id.*) Ms. Jefferson, by contrast, "had no injuries." (*Id.*) Mr. Godbolt was arrested, proceeded to trial on unspecified charges, and was "found not guilty." (*Id.*) In the present action, he brings claims for "wrongful arrest" and "false imprisonment" and seeks $1,250,000 in damages. (*Id.* at 4-5).

Mr. Godbolt's complaint is deficient. First, to state a viable § 1983 claim, the named defendants must be "subject to suit or liability." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity to be sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Under Florida law, sheriff's offices and police departments lack the capacity to be sued. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established [s]heriff's offices as separate legal entities with the capacity to be sued."); *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) ("[T]he Florida City Police Department is not a proper defendant in a suit for damages because the Police Department does not have the capacity to sue and be sued."). The sole named defendants in this action are the Tampa Police Department and the Hillsborough County Sheriff's Office. Neither entity is subject to suit under § 1983.

Second, Mr. Godbolt fails to state a claim for false arrest or imprisonment. "An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." *Id.*

Mr. Godbolt fails to allege facts showing that he was arrested without probable cause. He contends that he "prove[d]" his false-arrest claim "by winning" at his criminal

trial, (Doc. 1 at 4), but a defendant's acquittal "is of no consequence in determining the validity of the arrest itself." *Marx v. Gumbinner*, 905 F.2d 1503, 1507 (11th Cir. 1990). Furthermore, Mr. Godbolt himself alleges that Ms. Jefferson accused him of "beat[ing] her up." (Doc. 1 at 5). "It is well established that police officers may generally rely on eyewitness accounts and victim statements to establish probable cause." *Bright v. Thomas*, 754 F. App'x 783, 787 (11th Cir. 2018) (collecting cases). Because Mr. Godbolt fails to allege the absence of probable cause for his arrest, he has not stated a claim for false arrest or imprisonment.[1]

Accordingly, it is **ORDERED** that:

1. Mr. Godbolt's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mr. Godbolt wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Godbolt should complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Godbolt's claims that he wishes to pursue and may not refer back to, or incorporate, the complaint. The amended complaint shall

---

[1] In the "relief" section of his complaint, Mr. Godbolt asks the Court to "put this case on hold until" he is "release[d] from prison." (Doc. 1 at 5). In support, he asserts that he is "having a hard time getting legal help." (*Id.*) Judicially noticed records from the Florida Department of Corrections show that Mr. Godbolt is currently scheduled to be released on May 27, 2025. Mr. Godbolt has failed to establish good cause for a 20-month stay of this action. *See Prudential Ins. Co. of Am. v. Silvers*, No. 3:19-cv-240-BJD-MCR, 2020 WL 10180568, at *1 (M.D. Fla. Dec. 4, 2020) ("The party moving for a stay bears the burden of showing good cause and reasonableness."). Accordingly, the request for a stay is denied.

supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

c. The amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Godbolt fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Godbolt must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Godbolt a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on September 8, 2023.

- 5 -

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE