UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AVERY TYRONE GODBOLT,

    Plaintiff,

v.                                                            Case No. 8:23-cv-1632-WFJ-JSS

TAMPA POLICE DEPARTMENT, *et al.*,

    Defendants.
_____/

## ORDER

*Pro se* Plaintiff Avery Tyrone Godbolt, a Florida inmate, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). In his complaint, Mr. Godbolt asserted claims for "wrongful arrest" and "false imprisonment," alleging that he was charged with unspecified offenses after a woman named Cedria Jefferson falsely accused him of "attack[ing] her and beat[ing] her up." (*Id.* at 4-5). On September 8, 2023, the Court dismissed Mr. Godbolt's complaint with leave to amend. (Doc. 10). The Court explained that the sole named defendants in this action—the Tampa Police Department and the Hillsborough County Sheriff's Office—are not subject to suit under § 1983. (*Id.* at 2). The Court also held that Mr. Godbolt failed to state a claim for false arrest or imprisonment because he alleged no "facts showing that he was arrested without probable cause." (*Id.*)

Mr. Godbolt subsequently filed a document titled "Breif [*sic*]," in which he states that he "was ask[ed] and court ordered to file a breif [*sic*] with a deadline." (Doc. 11 at 1). The Court liberally construes Mr. Godbolt's filing as an amended complaint. In his

construed amended complaint, Mr. Godbolt alleges that (1) Ms. Jefferson "stabbed [him] up" because he "was sleeping with other women," (2) the police arrested him based on Ms. Jefferson's false accusation that he had "attacked her," and (3) he prevailed at trial, thus "prov[ing]" that he "was the victim." (*Id.* at 1-2). Mr. Godbolt claims that he "suffered irreparable damages" due to his "wrongful arrest, incarceration, and charges." (*Id.* at 2).

Mr. Godbolt's construed amended complaint must be dismissed because it suffers from the same deficiencies as his initial complaint. He still fails to name any defendant subject to suit under § 1983. And even if he had named a proper defendant, his claim for false arrest or imprisonment remains deficient. As the Court previously explained to Mr. Godbolt, "[a]n arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." *Id.*

Mr. Godbolt's construed amended complaint fails to allege facts showing that he was arrested without probable cause. Mr. Godbolt claims that the police arrested him based on Ms. Jefferson's false accusation that he "attacked her." (Doc. 11 at 2). But Mr. Godbolt alleges no facts showing that law enforcement knew the accusation was false. Moreover, "[i]t is well established that police officers may generally rely on eyewitness accounts and victim statements to establish probable cause." *Bright v. Thomas*, 754 F. App'x 783, 787

(11th Cir. 2018) (collecting cases). Because Mr. Godbolt fails to allege the absence of probable cause for his arrest, he has not stated a claim for false arrest or imprisonment.

The Court previously identified the deficiencies in Mr. Godbolt's allegations and gave him an opportunity to amend his complaint. (Doc. 10 at 2-4). Nevertheless, the construed amended complaint fails to state any viable claims. Because further amendment would be futile, the Court declines to grant Mr. Godbolt another opportunity to amend.[1] *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

Accordingly, it is **ORDERED** that:

1. Mr. Godbolt's construed amended complaint (Doc. 11) is **DISMISSED with prejudice**.

2. Mr. Godbolt's construed motion for copies (Doc. 11-1) is **DENIED.**

3. The Clerk is **DIRECTED** to enter judgment against Mr. Godbolt and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on October 18, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Godbolt attached a "Note" to his construed amended complaint requesting that the Clerk send him a "copy of the police report for the charge [he] won trial on." (Doc. 11-1). The Court is not in possession of the police report or any other documents from Mr. Godbolt's state-court case. Accordingly, the construed motion for copies is denied.